Eva SIMMONS, Administratrix, C.T.A. of the Estate of Seymour Goldberg, Deceased, Plaintiff,

v.

The HOMESTEAD HOSPITAL OF HOMESTEAD, PA., and Irvin M. Golding, Defendants.

Civ. A. No. 68–747.

United States District Court, W. D. Pennsylvania.

March 30, 1970.

Crone & Cohen, Pittsburgh, Pa., for plaintiff.

James T. Mohan, Weis & Weis, Pittsburgh, Pa., for defendant Homestead Hospital.

Robert S. Grigsby, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant Golding.

## OPINION

GOURLEY, Senior District Judge.

This is an action based on negligence in which the issue is raised as to whether diversity of citizenship exists between the parties.

The matter is raised through a Motion to Dismiss submitted by each of the defendants in which it is claimed on the basis of the decision of McSparran, Guardian, et al. v. Weist, et al., 402 F.2d 867 (3d Cir. 1968) that citizenship was manufactured to vest the Court with jurisdiction.

The Court has conducted a full and complete hearing and argument, afforded the parties the right to offer any and all oral or documentary evidence desired, considered all applicable law and based thereon, the following findings and conclusions are made.

This proceeding was brought by Eva Simmons, a citizen and resident of New York, who was appointed Administratrix, c. t. a., of the Estate of Seymour Goldberg, deceased, by the Register of Wills of Allegheny County on May 8, 1968. The suit involving Wrongful Death and Survival actions was brought to recover damages by reason of fatal injuries sustained by the decedent who plunged through a window at Homestead Hospital on September 20, 1967.

At the time of his death and for some time prior thereto, plaintiff's decedent lived with his wife and children in the City of Pittsburgh, Allegheny County, Pennsylvania. He was a citizen and resident of the Commonwealth of Pennsylvania as were his wife and children, those entitled to take under the Wrongful Death Act.

In his Will dated August 4, 1965, filed in the office of the Register of Wills of Allegheny County, Pennsylvania, at 2232 of 1968, Will Book Vol. 402, Page 6, the decedent appointed his wife, Stella Goldberg, a resident of Pennsylvania, as Executrix. In the event that she failed to serve, he appointed his attorney, A. A. Bluestone, a resident of the Commonwealth of Pennsylvania, as Executor. In the event that both of them failed to serve, he appointed the Pittsburgh National Bank as Executor.

On May 8, 1968, Renunciations were filed, the decedent's Will was probated, and Eva Simmons, a resident and citizen of Brooklyn, New York, was appointed Administratrix, c. t. a., of the Estate of Seymour Goldberg, deceased, and in that capacity, Eva Simmons brought this action against Homestead Hospital and Irvin M. Golding, who are citizens and residents of the Commonwealth of Pennsylvania.

The defendants are citizens of Pennsylvania, and the Administratrix is the mother of the surviving widow.

The mother and daughter had always maintained a very close personal relationship. The shock of the sudden and unusual circumstances surrounding the death affected the deep emotions of the surviving wife and continues to present itself in the actions and conduct of the widow as displayed as a witness during the hearing which was conducted.

The accident occurred on September 20, 1967, suit was instituted within one year, and said action is now barred under the Wrongful Death Statute due to the Statute of Limitations expiring, and

---

also under the Survival Statute, the limitations being one and two years respectively. The Motions to Dismiss were filed by the defendants in June of 1969. A great amount of discovery has been applied by the parties through interrogatories and depositions of seventeen witnesses.

 The law is settled in this Circuit that in cases involving causes of action of this nature, including cases now pending, a district court shall apply the rule against artificially created diversity, either on motion of a party or sua sponte, if it is conceded by the parties or the court finds as a fact that diversity was artificially created, but only where the court finds that in the circumstances of the particular case there is ample time and opportunity for the plaintiff to institute a new action in the state court and that no unreasonable burden will be imposed on the plaintiff by the dismissal of the federal action. In the case at bar, it cannot be said that there is ample time and opportunity for the plaintiff to institute a new action in the state court.

I do not believe this appointment was made to offer the use of the citizenship of the mother to create diversity in contemplated litigation. It was a real, genuine decision due to the warmth and closeness between the mother and daughter that brought about the request that the mother be selected to represent the decedent's estate. Closeness, love and understanding mean so much when a loved one has been taken away and when it is necessary to relieve sorrow that has occurred, and advice, bolstering of courage and the desire to face the realities of life are required.

This case can be made ready for pre-trial hearing during the late spring or summer months and could be placed on a Master Civil Jury List for trial in the early fall of this year.

I also believe that an unreasonable burden will be imposed on the plaintiff by the dismissal of the federal action. Although the defendants have agreed to waive the Statutes of Limitations if this proceeding is dismissed and new actions are filed in the state jurisdiction, it appears to me that since this case has been pending in this Court for a most substantial period of time, and for all practical intents and purposes could be made ready for pre-trial, trial and disposition within the next six months to nine months, it would be a most unreasonable burden on the representatives of said estate to be required to start all over in a new jurisdiction. Also, so much has been done by way of discovery that a re-hash of this effort and application of time could cause all parties a substantial prejudice. This must be true since the use of discovery in one court that has been created in other courts can be fraught with technical and innumerable problems and difficulties.

The comments made shall constitute the Findings of Fact and Conclusions of Law.

An appropriate Order is entered.